IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LESTER ARNOLD CLOUSE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:12-cv-0114 |
| BRUCE WESTBROOKS, Warden,[1] | ) Judge Sharp |
| Respondent. | ) |

**ORDER**

Petitioner Lester Arnold Clouse, a state prisoner presently incarcerated at the Bledsoe County Correctional Complex (formerly Southeastern Tennessee Regional Correctional Facility) in Pikeville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence for twelve counts of setting fire to property in Putnam County, Tennessee.

As explained in the accompanying Memorandum Opinion, the Court finds that Clouse's claims are procedurally defaulted, and that Clouse has not established cause and prejudice to overcome the default, or that a miscarriage of justice will result if his claims are not reviewed. Accordingly, Clouse's petition is hereby **DENIED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v.*

---

[1] The Court takes judicial notice that Stanton Heidle was appointed Warden at the Bledsoe County Correctional Complex on May 6, 2013. Because the case is being dismissed, the Court will not order a substitution of parties.

*McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this case, the petition only presents claims that are entirely barred from review by procedural default. Because an appeal by the petitioner on any of the issues raised in this petition would not deserve attention, the Court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals.

This matter is **DISMISSED**, and the Clerk is **DIRECTED** to enter final judgment in accordance with Rule 58(b) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge